IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

vs.                                   CIVIL NO. 07-501 JP/LFG
                                            CRIM. NO. 06-454 JP

JUAN GABRIEL VARGAS ADAME,

      Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 21, 2007.  Movant Juan Gabriel Vargas Adame ("Vargas Adame") attacks the sentence entered by the United States District Court for the District of New Mexico in United States v. Vargas Adame, No. CR 06-454 JP.

2.  Respondent filed its Response [Doc. 5] to Vargas Adame's motion on July 17, 2007, asking the Court to deny the motion on grounds the Movant failed to present a meritorious claim which would entitle him to habeas relief.  Movant did not file a Reply.   The Court agrees that no meritorious claim has been presented and recommends that the Motion to Vacate be denied and the case be dismissed.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

3.   Vargas Adame seeks habeas relief on grounds of ineffective assistance of counsel.  He states that at his sentencing hearing, his attorney failed to make the argument that three points in his criminal history category were invalid, as one point was imposed for an uncounseled conviction and two further points were imposed for "a consolidated case."  [Doc. 1, at 5].  He says that, without the three criminal history point, his sentencing range would have been 57 to 71 months instead of the 70 to 87 months recommended by the probation officer.

4.   Vargas Adame is a citizen of Mexico by birth.  He was once a conditional Resident Alien in the United States, but he was ordered deported on January 29, 2004 following convictions on domestic violence charges.  [Doc. 5, Ex. 1, at 2].

5.   On December 15, 2005, Vargas Adame was turned over to the Border Patrol upon his release from the Chaves County Detention Center, where he had been serving time on convictions of Intimidation of a Witness, and Aggravated Assault on a Household Member with a Deadly Weapon.  [Doc. 5, Ex. 1].  He was processed for Reinstatement of Prior Removal Order and was presented for a detention hearing in front of United States Magistrate Judge Kea W. Riggs on December 20, 2005.  He was ordered detained pending trial.  [Docs. 4, 5 in CR 06-545].

6.   On March 6, 2006, an Information was issued which recited that Vargas Adame, an alien, had previously been convicted of an aggravated felony and had been deported from the United States and, further, that Vargas Adame had not obtained the consent of the Attorney General or the Secretary for Homeland Security to re-enter.   He was charged with violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b).  [Doc. 8 in CR 06-454].

7.   Vargas Adame waived indictment, consented to proceed before a Magistrate Judge, and on March 6, 2006, pled guilty to the charges in the Information.  [Docs. 9-11 in CR 06-454].

8.   Vargas Adame's probation officer recommended a sentencing range calculated on an offense level of 21, with a criminal history point total of 10 based on Vargas Adame's five prior convictions, most of which involved domestic violence.  This profile placed Vargas Adame in a Sentencing Guideline range of 70 to 87 months.

9.   On May 23, 2006, Vargas Adame's trial counsel filed Objections to Pre-Sentence Report and Motion for Downward Adjustment [Doc. 13 in CR 06-454].  He objected to the portion of the Pre-Sentence Report ("PSR") assessing one criminal history point for an uncounseled conviction, arguing that uncounseled convictions cannot serve as a basis for statutory enhancement.  Further, trial counsel contended that Vargas Adame's criminal history was overstated in that the PSR assessed a total of seven criminal history points for what were essentially two related incidents, which incidents were consolidated for sentencing.  Counsel argued that Vargas Adame's criminal history category "should therefore be adjusted to more adequately reflect the true nature of defendant's conduct in question."  [Id., at 2].  He moved the court to reduce Vargas Adame's criminal history to category III, which would result in a guideline range of 46 to 57 months, and to sentence Vargas Adame at the bottom of that range, or 46 months.

10.   Vargas Adame came before Senior United States District Judge James A. Parker for sentencing on May 31, 2006.  Judge Parker ascertained that the PSR had been read to Vargas Adame in Spanish, and Vargas Adame confirmed that discussed it with his attorney.  [Doc. 5, Ex. 2, at 2].  At the hearing, Judge Parker told the parties that he had read counsel's Objections to the proposed criminal history category, and had considered them, but said the probation officer had correctly stated Vargas Adame's criminal history points.  Judge Parker said that he intended to apply a criminal history category of V, resulting in a guideline imprisonment range of 70 to 87 months, but he

permitted Vargas Adame and his attorney to present the case for a downward adjustment.  [Id., at

2-3].

11.  Vargas Adame' attorney asked the Court to reconsider this initial conclusion, noting that:

> Mr. Vargas early on has advised me that the felt that the amount
> imposed for the criminal offense to which he has pled is excessive, and
> . . . we'd asked the Court to consider reducing the criminal history
> category to something less than V so that he would be looking at
> something less than 70 months.  70 months is a long time.  It's well
> over five years.

[Id., at 5].  Judge Parker responded:

> It is a long sentence, but I must say that the defendant does have an
> extensive criminal history.  As an adult, he's been convicted of five
> crimes which are – let's see here – two of which are felonies and three
> of which are misdemeanors.  But two of the three misdemeanor
> convictions were for violent crimes and they were battery against
> women.

[Id., at 5-6].

12.  Counsel then argued that the criminal history category:

> stems essentially from a dysfunctional relationship he's been in since
> 1994, with the same woman, and so all of his criminal history goes to
> this relationship with this woman, who is his wife or, perhaps by now,
> his ex-wife . . . .

[Id., at 6].  Judge Parker responded to these arguments as follows:

> I know, but he keeps beating her up, and then in addition to that he
> threatened to kill her.  He also has, I should note, one, two, three, four
> other arrests for domestic violence; violence with children, aggravated
> battery, battery against a household member and domestic dispute that
> were not convictions.  But I certainly think, when considered as a
> whole, those five convictions and four other arrests place him squarely
> in criminal history category V, and I don't think there is a basis for
> adjusting that downward.  So I'm going to conclude that V is the
> correct criminal history category.

[Id.].

13.  Vargas Adame personally addressed the Court, expressing remorse and asking the judge to give him a lighter sentence.  The Government stated that it would not oppose a sentence at the lowest end of the guideline range, or 70 months.  Judge Parker declined to apply the downward adjustment argued by Vargas Adame's attorney but sentenced Vargas Adame to 70 months, stating:

> Let me state with respect to the sentence that I think a sentence within the guideline range but at the bottom is appropriate in this case, although I've considered the factors under 18 United States Code, Section 3553(a), as an alternative to a guideline sentence.  Based on all the information, especially the criminal history, I think that in this instance there is no reason to vary from the guideline range and sentence outside of the guideline range.

[Id., at 8].  Judge Parker articulated a reasoned and persuasive explanation for the sentence imposed, and sentenced Vargas Adame to a term of months within the appropriate guideline range.  A sentence within the guidelines is presumed both reasonable and appropriate.  United States v. Rita, __ U.S. __, 127 S.Ct. 2456, 2463 (2007); United States v. Pruitt, 487 F.3d 1298, 1301 (10th Cir. 2007).

14.  It is apparent from this exchange at the sentencing hearing, and from a review of the Objections to Pre-Sentence Report and Motion for Downward Adjustment, that Vargas Adame's counsel did indeed make the very arguments which Vargas Adame claims he did not make.  There is, thus, no ground for finding ineffective assistance of counsel.

15.  To establish ineffective assistance of counsel, Vargas Adame must make a two-pronged showing:  (1) that counsel's performance was constitutionally deficient; and (2) that the deficient performance prejudiced his defense in that counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  To prove deficient performance, Vargas Adame must overcome the

5

presumption that counsel's conduct was constitutionally effective. <u>Duvall v. Reynolds</u>, 139 F.3d 768, 777 (10th Cir. 1998). In order to be found constitutionally ineffective, counsel's performance must be shown to have fallen below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's ineffective assistance, the result of the proceeding would have been different. <u>Strickland</u>, *supra* at 687-88, 694.

16. In this case, the record establishes that trial counsel vigorously advocated on behalf of Vargas Adame. He objected to the presentence report; he moved for a downward adjustment; and he diligently sought to persuade the trial judge at sentencing to impose a lesser sentence.

17. Vargas Adame's attorney presented the exact arguments which Vargas Adame says he did not make and which, Vargas Adame argues, would have made a difference in his sentence. In the exercise of sound judgment, Judge Parker chose not to accept these arguments for a downward adjustment in Vargas Adame's criminal history category, and instead found from the extensive record of domestic violence arrests and convictions that the proposed criminal history category was warranted. This does not establish ineffective assistance of counsel. The fact that the arguments made by counsel were not accepted by the judge does not mean counsel's performance fell below a reasonable standard. "Neither vigor nor skill can overcome truth. Success is not the test of effective assistance of counsel." <u>Johnson v. United States</u>, 380 F.2d 810, 812 (10th Cir. 1967).

18. Vargas Adame's sentence did not result from his attorney's failure to raise arguments regarding his criminal history. Rather, the sentence resulted from Vargas Adame's own actions and prior convictions for domestic violence, which the trial judge thoroughly, thoughtfully and fairly considered and appropriately took into account in setting the sentence. There is no ground for habeas relief based on ineffective assistance of counsel.

**<u>Recommended Disposition</u>**

That the Motion to Vacate [Doc. 1] be denied and the case be dismissed with prejudice.


*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge