IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN GABRIEL VARGAS-ADAME,

      Defendant-Movant,

 vs.                                   **CIVIL NO. 07-501 JP/LFG**
                                         CRIM. NO. 06-454 JP

UNITED STATES OF AMERICA,

      Plaintiff-Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ACTION WITH PREJUDICE

On August 8, 2007 Chief United States Magistrate Judge Lorenzo F. Garcia filed his Findings and Recommended Disposition (Civ. Doc. No. 6) in response to defendant's motion under 28 U.S.C. § 2255 (Civ. Doc. No. 1). Defendant-Movant Juan Gabriel Vargas-Adame ("Vargas-Adame") filed his Objections (Civ. Doc. No. 7) to the proposed disposition on August 23, 2007. The Court conducted a *de novo* review of the Findings and Recommended Disposition and finds that it should be adopted.

In the Findings and Recommended Disposition, Chief Magistrate Judge Garcia recommends that Vargas-Adame's ineffective assistance of counsel claim should be rejected because, contrary to defendant's assertions, his counsel did in fact raise appropriate objections to the Presentence Report and advocate for a downward departure from the sentencing guidelines range. In his Objections, Vargas-Adame again argues that his trial counsel was ineffective at sentencing in failing to request an evidentiary hearing on the issue of an uncounseled conviction that added one criminal history point and thus increased his sentence. Vargas-Adame contends:

> By failing to pursue a request for an evidentiary hearing at sentencing to compel the government to establish, by the preponderance of the evidence, that defendant's objections were meritless, the defendant's counsel's actions were unreasonable and violated the defendant's sixth Amendment right to effective assistance of counsel . . . . In the instant case, to sentence the defendant in category V., the government had to prove without relying in [sic] the PSR that defendant did not have an uncounseled conviction . . . . When a defendant contests facts alleged in the PSR, the government must provide evidence to convince the sentencing court that its position is correct . . . . [T]he government fails to present any material evidence on the conviction and at no time it has denied the fact that the conviction was uncounseled.

Movant's Objections (Civ. Doc. No. 7) at 2–4.

Trial counsel raised the issue of the uncounseled conviction in his Objections to Pre-Sentence Report and Motion for Downward Adjustment (Cr. Doc. No. 13), filed in the criminal action on May 23, 2006. In response to these Objections and Motion, the United States Probation Office prepared an Addendum to the Presentence Report, dated May 26, 2006, and communicated the contents of the Addendum to counsel.

In the Addendum, the probation officer noted that, according to court documentation provided by the Roswell Magistrate Court, Vargas-Adame appeared *pro se* and pled guilty to a misdemeanor offense, battery against a household member. The Addendum noted further that under U.S.S.G. § 4A1.2 *Background*, "prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed."

In addition, the Addendum noted that a defendant relying on an incomplete or missing record of a prior plea proceeding must establish by a preponderance of the evidence that the plea was actually involuntary or unknowing, or that the conviction was otherwise constitutionally

2

invalid, citing *United States v. Wicks*, 995 F.2d 964, 978 (10th Cir. 1993), and *United States v. Cruz-Alcala*, 338 F.3d 1194 (10th Cir. 2003). In *Cruz-Alcala*, the Tenth Circuit stated:

> Defendant does not dispute that the prosecution established the existence of those convictions, but he contends that it failed to prove that the convictions were constitutional. Defendant misapprehends the burden of persuasion. Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm. Moreover, there is a presumption of regularity that attaches to final judgments, even when the question is waiver of constitutional rights. To overcome this presumption, a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution.

*Cruz-Alcala*, 338 F.3d at 1197 (internal punctuation and citations omitted).

Vargas-Adame does not contend that his plea to the Roswell Magistrate Court was involuntary, or that the conviction was constitutionally infirm. He argues only that it was uncounseled. Under the authority noted in the Addendum to the Presentence Report, which this Court read prior to sentencing, this argument is unavailing. Vargas-Adame's attorney reasonably determined based on the arguments presented in the Addendum that an evidentiary hearing was not necessary. Counsel did raise the arguments in the presentencing motion, and they were rejected by the Court. His decision not to press the issue at the sentencing hearing, in light of the sound arguments presented in the Addendum, does not constitute ineffective assistance of counsel.

IT IS THEREFORE ORDERED that Defendant-Movant Vargas-Adame's Objections (Civ. Doc. No. 7) are overruled;

IT IS FURTHER ORDERED that the Magistrate Judge's Findings and Recommended Disposition (Civ. Doc. No. 6) are adopted by the Court;

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence is denied. A separate judgment will be entered contemporaneously with this order dismissing the case with prejudice.

_____
UNITED STATES DISTRICT JUDGE